This matter is before this court on probate of the will of Elizabeth L. Herrman. Probate is contested by a cousin of decedent who contends that testatrix was mentally incompetent at the time of the will and that its execution was obtained by undue influence.
Testatrix was a spinster of advanced years at the time the will was made. The will was drawn by a person connected with the United States Trust Company, the executor named *Page 543 
therein. By specific bequests and by bequests payable out of the residuary clause, the will disposed of the bulk of the estate to various charities. Her cousin, the caveator, received nothing by the terms of the will.
Under well settled rules, only a very low order of testamentary capacity is necessary in order to enable a person to make a valid will. Mere age and physical infirmity are not sufficient to show insufficient mental capacity. Wills have been sustained repeatedly in which the person executing the will had considerable impairment of mental faculties. Clifton v.Clifton, 47 N.J. Eq. 227.
The facts produced before this court do not show any such impairment as would render the will invalid because of the mental condition of testatrix.
As to undue influence, there was again a lack of sufficient proof. The will was drawn under the direction of the trust company, which did not benefit by the will, except from being named as executor. It had no motive to influence testatrix either to name the charities which benefit by the will or to exclude the caveator from its benefits. Even the fact that a will is drawn by a principal or even a sole beneficiary is not of itself proof of undue influence. Schuchhardt v. Schuchhardt, 62 N.J. Eq. 710.
Undue influence is such influence as destroys free agency and constrains the person to do something contrary to his will.Earle v. Norfolk and New Brunswick Hosiery Co., 36 N.J. Eq. 188;In re McComb, 118 N.J. Eq. 119.
In the matter before the court, there was no evidence of any such coercion, and in fact the testimony tends to show that the disposition of the estate to the charities was not even suggested by the executor, but was in direct accordance with the express wish of Miss Herrman.
A decree will be advised admitting the will to probate. *Page 544